O

# United States District Court
# Central District of California

| | |
|---|---|
| DENNIS P. LEEK,<br><br>            Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>SHIRIN MATHAI,<br><br>            Defendants. | Case No. 2:15-cv-05682-ODW (ASx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [13]** |

## I. INTRODUCTION

Pending before the Court is a Motion to Dismiss filed by Defendants United States of America and Shirin Mathai. ("Mot.", ECF No. 13.) Defendants seek to dismiss the entire three-count Complaint filed by Plaintiff Dennis Leek ("Leek") which alleges that his employer, the Department of Veterans Affairs, violated Title VII of the Civil Rights Act of 1964 as well as the Americans with Disabilities Act of 1990 ("ADA"). (*Id.*) Because Leek has failed to exhaust his administrative remedies before bringing this action, the Court **GRANTS** Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

## II. FACTUAL BACKGROUND

Plaintiff Dennis Leek is a former employee with the Department of Veterans Affairs ("VA"), who worked at the agency's West Los Angeles Hospital ("VA

Hospital"), a federally owned facility. (Compl. ¶¶ 2, 5, 11, ECF No. 1.) On April 11, 2013, while on break, a patient confronted Leek, who jokingly commented to his friend that "the patient should, 'shut up and take his fucking meds.'" (*Id*. 5:13–5:20.) On April 26, 2013, Leek received a Letter of Proposed Reprimand regarding the incident. (*Id*. 5:21-5:22.)

Then, on November 7, 2013, Leek received a letter from his supervisor, Defendant Shirin Mathai, notifying him that he was being reassigned to the "Textile Care Facility" after he was accused of "overbooking" patients. (*Id*. 5:25–5:27.) After learning of his reassignment, Leek punched a hole through the wall "in anger." (*Id*. 6:1–6:3.) On the same day, Leek was also given a Supervisor Statement that his attendance had "become unacceptable." Leek alleges that he was not the one responsible for the overbooking and that he has only taken leave when previously approved. (*Id*. 6:3–6:5.)

On December 10, 2013, Leek received a medical note from his treating physician, Christina E. Harris, M.D., advising Leek's supervisor that Leek was unable to perform work in laundry due to his asthmatic condition and pain in his left foot. (*Id*. 6:6–6:8.) Upon receiving the note, Leek claims that his supervisor advised him that if he could not handle his position in laundry, then he should either "retire" or "risk termination." (*Id*. 6:8-6:10.) At the time, Leek was also receiving treatment for post-traumatic stress disorder as well as bipolar disorder. (*Id*. 6:10–6:16.) Finally, in March 2014, Leek retired from his job because the VA allegedly failed to provide any accommodations for his disabilities. (*Id*. 6:16–6:18.)

Leek filed a Complaint in this Court against the United States of America and Shirin Mathai on July 27, 2015, alleging: (1) Retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.; (2) Discrimination based on disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12100, *et seq*.; and (3) Hostile Work Environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. (*Id*. ¶¶ 12–43.) On January 6, 2016,

Defendants filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction. (Mot., ECF No. 13.) On January 19, 2016, Leek filed an opposition (Opp'n, ECF No. 14), and on January 25, 2016, Defendants then filed a timely reply (Reply, ECF No. 15). Having considered the parties' arguments, the Court finds and concludes as follows.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiffs bear the burden of establishing that subject-matter jurisdiction exists. *Id.* This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for this court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). If a court finds that it lacks jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(1) motion for lack of subject-matter jurisdiction may be brought as either a facial or factual attack. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.* But, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.* Further, in a Rule 12(b)(1) motion, the court is not restricted to the face of the pleadings—the court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

Alternatively, a court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule

12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2) – a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). That is, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" and allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a 12(b)(6) motion, a court is generally limited to the pleadings and must accept all factual allegations plead in the complaint as true in the light most favorable to the plaintiff. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); see *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. ADA Claim

As a preliminary matter, Defendants argue that Leek's claim under the ADA for disability discrimination should be dismissed because the ADA exempts the United States government and its agencies from the Act's definition of an employer. (Mot. 5.) Defendants correctly note that the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 791, et seq., not the ADA, is the exclusive remedy for claims of disability discrimination in federal employment.

Initially, Leek was appearing *pro se*. In civil cases where the plaintiff appears *pro se*, courts must construe the pleadings liberally and give the plaintiff the benefit of any doubt, as pleadings drafted by *pro se* litigants are held to less stringent standards than those drafted by lawyers. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992, *as amended* May 22, 1992); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Construing Leek's Complaint liberally, the Court finds that he is attempting to state a discrimination claim on the basis of a disability pursuant to the Rehabilitation Act. (Compl. ¶ 26.) Section 501 of the Rehabilitation Act is the exclusive remedy for federal employees alleging discrimination on the basis of disability. *Johnston v. Horne*, 875 F.2d 1415, 1418 (9th Cir. 1989). However, even as this Court construes the Complaint as seeking remedies under the Rehabilitation Act, for the foregoing reasons, Leek's Complaint against the Defendants must be dismissed.

### B. Failure to Exhaust Administrative Remedies

Defendants move to dismiss Leek's Complaint for lack of subject matter jurisdiction on grounds that Leek failed to exhaust his administrative remedies by failing to timely initiate the Equal Employment Opportunity Commission ("EEOC") administrative complaint process prior to filing this action. (Mot. 5–7.)

To establish subject matter jurisdiction over Title VII and Rehabilitation Act claims, a plaintiff must first exhaust administrative remedies. *See* 42 U.S.C. § 2000e-5(f)(1) (civil suit may be brought only after filing an EEOC charge and receiving a right to sue letter); *see also Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 644 (9th Cir. 2003) (holding that to establish subject matter jurisdiction over a Title VII claim, a plaintiff must exhaust administrative remedies); *see also Vinieratos v. United States*, 939 F.2d 762, 773 (9th Cir. 2003) (holding that a plaintiff must exhaust administrative remedies before a federal court can have jurisdiction under the Rehabilitation Act, similar to Title VII claims).

The plaintiff carries the burden of establishing that he has exhausted his administrative remedies prior to filing this action. *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2002). To timely exhaust administrative remedies, a plaintiff must first file a charge with the EEOC within 180 days from the last act of alleged discrimination, unless the complainant initially institutes proceedings with a state or local agency, in which case the EEOC charge must be filed within 300 days of the last discriminatory act, or within 30 days of receiving notice that the state or local agency has terminated proceedings, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1); *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081–82 (9th Cir. 2006). The requirement of the "exhaustion of administrative remedies" is central to the purpose of federal anti-discrimination statutes, which is to provide the EEOC (or equivalent state agency) with a chance to informally resolve employment discrimination claims before resorting to litigation. *Devereaux v. E. Bay Conservation Corp.*, No. C 97-3065 SI, 1998 WL 917798, at *2 (N.D. Cal. Dec. 30, 1998).

In the present case, Leek alleges claims of retaliation and hostile work environment under Title VII and disability discrimination under what the court construes as the Rehabilitation Act. Leek does not indicate that he filed a complaint with the EEOC prior to bringing this suit. Instead, in his Opposition, Leek, now represented by counsel, appears to argue that his filing of an administrative tort claim with the VA is the equivalent of exhaustion of an employment discrimination claim with the EEOC. This argument fails; Leek cites no legal authority to support such a contention. It is clear that a Title VII or Rehabilitation Act lawsuit filed before a claim is filed with the EEOC is barred and subject to dismissal for lack of subject matter jurisdiction. *See E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994); *see also Leong*, 347 F.3d at 1121–22.

Because Leek has failed to present his claims of discrimination to the appropriate agency, he has not exhausted his administrative remedies. Accordingly,

Leek's Title VII and Rehabilitation Act claims are dismissed for lack of subject matter jurisdiction.

### C. Failure to Name Proper Defendant

Defendants also assert that Leek's Complaint should be dismissed because the United States did not waive its sovereign immunity as to Leek's employment claims and, in the alternative, the United States and Shirin Mathai are not the proper defendants brought under the Title VII and Rehabilitation Act claims. (Mot. 7–9.) The Court agrees.

Absent a waiver, sovereign immunity shields the United States and its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The waiver must be "unequivocally expressed" and "not enlarged beyond what the language requires." *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992) (internal alterations and quotation omitted). A plaintiff suing the federal government "bears the burden of pointing to such an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Absent a waiver of sovereign immunity, federal courts have no subject matter jurisdiction in cases against the federal government. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

The Opposition fails to address this argument directly, but instead asserts that the VA's letter denying his administrative tort claim was a waiver of sovereign immunity, allowing him to sue the United States in this employment action. (Opp'n 8:25–9:7.) Leek fails to cite to any authority for this proposition, and as such, fails to set forth any basis to establish subject matter jurisdiction over the United States in this instance.

Furthermore, the Complaint must also be dismissed because it fails to name the proper defendant in this employment discrimination action. Pursuant to 42 U.S.C. § 2000e-16(c), in a Title VII action, the only proper defendant is "the head of the department, agency, or unit, as appropriate," not the agency itself or any individual federal employees. *Vinieratos*, 939 F.2d at 772. This requirement of Title VII also

applies to claims alleged pursuant to the Rehabilitation Act. *See* 29 U.S.C. § 794a(a)(1) (making the remedies, procedures and rights set forth in 42 U.S.C. § 2000e-16 available in claims asserting violations of 29 U.S.C. § 791); *Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003) (per curiam) ("for complaints filed under section 501, the [Rehabilitation Act] borrows 'the remedies, procedures, and rights' from Title VII of the Civil Rights Act of 1964"). In addition, the Ninth Circuit has held that "there is no personal liability for employees, including supervisors" in Title VII and Rehabilitation Act actions. *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995); *see also Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989) (the proper defendant in a Rehabilitation Act action brought by a federal employee is the head of the employee's agency).

In the present case, the VA is an agency of the federal government, and Robert A. McDonald, the Secretary of the VA, is the head of such federal agency. (Mot. 8); *see also Gladle v. McDonald*, No. CV 15-57-CAS(FFMX), 2016 WL 67672, at *1 (C.D. Cal. Jan 4, 2016). Accordingly, Leek's Title VII and Rehabilitation Act claims must be dismissed against Defendants United States and Mathai, as they are not the proper defendants in this action.[1]

### D. Leave to Amend

A *pro se* litigant must be given leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Notwithstanding this principle, the granting of leave to amend rests within the sound discretion of the court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). A court's decision in granting leave to amend is guided by an examination of several factors,

---

[1] Defendants also argue that to the extent Leek is attempting to argue that his asthmatic condition was exacerbated by an improper work assignment, any such claim is preempted by the Federal Employee's Compensation Act, 5 U.S.C. § 8116(c), which provides the exclusive remedy to federal workers for an on-the-job-injury. (Mot. 9–10.) Defendants also argue that because Title VII is the exclusive remedy, it precludes Leek from bringing forth any tort claims, if any, arising from employment disputes. (*Id*. 10–12.) However, the Court need not decide these issues because Leek does not assert such claims in his Complaint.

including: (1) whether the amendment causes the opposing party undue prejudice; (2) whether the amendment is sought in bad faith; (3) whether the amendment causes undue delay; (4) whether the amendment constitutes an exercise in futility; and (5) whether the plaintiff has previously amended his or her complaint. *See D.C.D. Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 & n. 3 (9th Cir. 1987).

Defendants argue that this Court should not grant Leek leave to amend the Complaint because Leek alleges adverse employment actions that all occurred on or before he retired in March 2014, and that even if he attempts to raise such issues with the EEOC today, he is well beyond the time limit of filing a complaint with the EEOC.[2] (Mot. 7.) Under the circumstances, the Court is persuaded that there is no basis for concluding that Leek's claims can be saved through amendment of the Complaint. It is clear that Leek has failed to properly exhaust his administrative remedies. Accordingly, the Court dismisses Leek's Complaint without leave to amend.

## V.  CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction is **GRANTED** without leave to amend.

**IT IS SO ORDERED.**

March 17, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[2] A plaintiff must file a charge with the EEOC within 180 days from the last act of alleged discrimination, unless the complainant initially institutes proceedings with a state or local agency, in which case the EEOC charge must be filed within 300 days of the last discriminatory act, or within 30 days of receiving notice that the state or local agency has terminated proceedings, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1).